UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PAUL WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 14-3472-CV-S-MDH-P |
| ) | |
| LARRY DENNEY, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to burglary in the first degree, robbery in the first degree, two counts of armed criminal action, unlawful use of a weapon, kidnapping, felonious restrain, and unlawful possession of a firearm in the Circuit Court of Greene County, Missouri, in 2012. The trial court sentenced petitioner to concurrent terms of twenty-five years each for burglary, robbery, kidnapping, and the two counts of armed criminal action, seven years each for felonious restrain and unlawful possession of a firearm, and five years for unlawful use of a firearm. These sentences are consecutive to previously imposed sentences, and petitioner still is serving the previously imposed sentences.

Petitioner asserts two (2) grounds for relief: (1) ineffective assistance of guilty plea counsel for giving petitioner false hope about the likely sentence on an open plea; and (2) trial court error in failing to grant petitioner's motion to withdraw his guilty plea. Respondent contends that both grounds are without merit.

**FACTUAL BACKGROUND**

On July 2, 2011, petitioner unlawfully entered the home of Samantha Maggard while Samantha Maggard and others, including R.W., were in the home. Resp. Ex. B, p. 20. At that time,

petitioner was armed with a pistol. *Id*. Petitioner threatened to shoot everyone if R.W. did not leave with him. *Id*. Petitioner also demanded that everybody in the house give him their cell phones, and threatened to shoot anybody who called the police. *Id*. All of the people present gave petitioner their cell phones. *Id*. Petitioner then fired a shot into a TV before leaving with R.W. in his custody. *Id*.

Petitioner took R.W. to another location where he held her against her will for a period of time. Resp. Ex. B, p. 20. R.W. eventually convinced petitioner to let her go. *Id*.

The State charged petitioner with burglary in the first degree, robbery in the first degree, two counts of armed criminal action, unlawful use of a weapon, kidnapping, felonious restrain, and unlawful possession of a firearm. Resp. Ex. B, pp. 11-15. Petitioner entered an open plea of guilty to all eight counts. Resp. Ex. B, pp. 17-21.

Before his sentencing hearing, petitioner sent a *pro se* motion to withdraw his guilty plea to the Circuit Clerk. Resp. Ex. B, p. 5. When asked at his sentencing hearing whether there was any legal reason why sentence should not be pronounced, petitioner responded no and did not ask for a ruling on his motion to withdraw his guilty plea. Resp. Ex. B, p. 26. Petitioner did not directly appeal from his conviction or the implicit denial of his motion. Resp. Ex. B, p. 6.

## GROUND 1

In his first ground for relief, petitioner asserts that he received ineffective assistance of counsel in that his guilty plea counsel gave him false hope about the likely sentence that he would receive on an open plea. Plaintiff specifically asserts that his attorney told him that, by pleading guilty, he would receive Mental Health Court and probation.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. *Strickland v.*

2

*Washington*, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in *Strickland*." *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The Missouri Court of Appeals for the Southern District found that the motion court's judgment was supported by the record, explaining

> In his sole point on appeal, [petitioner] claims the trial court clearly erred in denying his claim that his plea was involuntary because plea counsel "gave him the false hope that he would be eligible for mental health court[.]" This claim is without merit because [petitioner] failed to prove it at the evidentiary hearing.
>
> "Mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea if: 1) the mistake is reasonable, and 2) the mistake is based upon a positive representation upon which movant is entitled to rely." *Willoughby v. State*, 81 S.W.3d 676, 679-80 (Mo. App. S.D. 2002) (quoting *Johnson v. State*, 921 S.W.2d 48, 50 (Mo. App. W.D. 1996)). However, "[n]either a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary." *Gold*, 341 S.W.3d at 181. For this reason, "a motion court does not clearly err in denying a claim that the movant was misled about his sentence where the attorney testifies at an evidentiary hearing the alleged misadvice was never given." *Carden*, 404 S.W.3d at 389.
>
> In the present case, plea counsel stated he would not have advised [petitioner] he would be placed in mental health court nor that he would receive probation. Further, plea counsel explained to [petitioner] that [petitioner] was required to serve a minimum three year sentence on the armed criminal action charges, and that [petitioner] indicated he understood. The motion court found this testimony credible, and this Court must defer to that credibility finding. *See Gold*, 341 S.W.3d at 180. The motion court did not clearly err in denying [petitioner]'s claim.

> As [petitioner] failed to prove plea counsel's performance was deficient, we need not consider the issue of prejudice. *See id.* at 181. Movant's sole point on appeal is denied.

Resp. Ex. 5, pp 4-5.

The deference owed to the state trial court pursuant to § 2254(e)(1) includes deference to its credibility determinations, and a federal court can only grant habeas relief if the state court's credibility determinations were objectively unreasonable based on the record. *Smulls v. Roper,* 535 F.3d 853, 864 (8th Cir. 2008). The decision of the Missouri Court of Appeals is reasonable and therefore is entitled to deference under § 2254(d). The trial court was entitled to believe the testimony of guilty plea counsel and the statements on the record that petitioner understood the range of possible sentence length. Because the state courts' determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2); Mo. Rev. State § 558.021(1)(3), Ground 1 will be denied.

### **Ground 2**

In Ground 2, petitioner contends that the trial court erred in failing to grant petitioner a hearing on his *pro se* pre-sentencing motion to withdraw his guilty plea. After petitioner entered his plea, he sent a motion to withdraw his plea to the Circuit Clerk. Resp. Ex. B, p. 5. The motion included six grounds: (1) defense counsel failed to adequately inform petitioner about the unavailability of probation; (2) defense counsel made petitioner believe he could get probation if he got into mental health court; (3) petitioner was not "thinking under his own capacity" which caused him to lie under oath; (4) the state had not furnished petitioner with the favorable evidence he had

4

requested; (5) the state failed to furnish petitioner with the favorable evidence in order to not allow him enough time to examine it; and (6) defense counsel coerced petitioner to "not say or ask any questions other than yes I'm guilty." Pet. Ex. 1, pp. 4-5.

At the sentencing hearing, petitioner did not bring that motion to the plea court's attention. Resp. Ex. B, pp. 21-27. In particular, when the plea court directly asked petitioner whether there was any reason why the court should not proceed with sentencing petitioner, petitioner replied "no." Resp. Ex. B, p. 26.

Missouri Supreme Court Rule 29.07(b)(1) mandates that the sentencing court grant a felony defendant the right of allocution. The purpose of the right of allocution is to give a defendant the opportunity to raise any potential infirmity in the sentencing procedure. *State v. Athanasiades,* 857 S.W.2d 337, 343 (Mo. App. E.D. 1993). Missouri Supreme Court Rule 29.07(d) authorizes the filing of a pre-sentence motion to withdraw a guilty plea, but does not specify when a hearing is required on such a motion to withdraw a plea of guilty.

The record shows that the plea court granted petitioner the right to allocution, and petitioner did not raise any concerns or any procedural bar to sentencing. Resp. Ex. B, p. 26. If petitioner is alleging that the court was obligated to *sua sponte* address petitioner's *pro se* motion to withdraw his guilty plea at the sentencing hearing, he is alleging a violation of state law. A finding that there was an error of state law does not authorize a federal court to grant a writ of habeas corpus. 28 U.S.C. § 2254; *Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010); *see also Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir. 1994) (claim that, under state law, trial court lacked jurisdiction, is not a basis for habeas relief).

Further, an inmate, like petitioner, who feels that the plea court did not adequately address the pre-sentencing motion to withdraw a guilty plea, can raise the same challenges to the guilty plea in his post-conviction motion. A proper hearing on the post-conviction motion cures any flaw in

5

any hearing on a pre-sentencing motion. *Wolfe v. State*, 574 S.W.2d 453 (Mo. App. K.C.D. 1978). Petitioner was afforded the opportunity to bring all of the claims from his motion to withdraw his guilty plea before the state courts.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan* at 1381.

In petitioner's amended post-conviction motion, petitioner did not raise any claim that counsel was ineffective for not filing a notice of appeal or for not bringing the motion to the plea court's attention before sentencing. Resp. Ex. B, pp. 47-50. Because petitioner did not file a direct appeal and did not include any claim related to the denial of his presentencing motion to withdraw his guilty plea in his amended post-conviction motion, he defaulted those claims. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri Courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied*, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the United States Supreme Court recognized

6

that ineffective assistance of post-conviction motion counsel could qualify as cause excusing the failure to raise a claim in the post-conviction motion. Petitioner asserts cause for his default based on the allegation that "everybody refuses to acknowledge that the motion existed." Doc. No. 1, p. 7. Even treating post-conviction motion counsel as fitting within "everybody," petitioner's assertion of cause for his default fails.

To demonstrate cause under *Martinez*, a petitioner must show that post-conviction counsel was ineffective in failing to raise a substantial claim of ineffective assistance by trial or plea counsel. *Id.* at 1318-19. "In order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." *Evans*, 371 F.3d at 445 (citing *Strickland*, 466 U.S. at 687).

The only potential claim of cause that petitioner could have is that motion counsel was ineffective for not alleging ineffective assistance by plea counsel for failing to bring the *pro se* motion to withdraw the guilty plea to the plea court's attention. This claim, however, would not render counsel constitutionally ineffective because petitioner has failed to demonstrate that counsel's failure to bring his *pro* se claims prejudiced him. In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Petitioner's *pro se* claims did not state facts sufficient to properly plead a valid

7

basis for withdrawing the plea of guilty.1   As there is little likelihood that the claims raised by petitioner in his *pro se* state post-conviction motion would have been granted had counsel raised them, Ground 2 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right."  To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 276 (2004).  Because petitioner has not met this standard, a certificate of appealability will be denied.  *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

/s/ Douglas Harpool
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated:   March 19, 2015.

---

1 As noted by respondent, petitioner also pleads no additional facts that motion counsel could have pleaded to transform the insufficient claims from the pre-sentencing motion into sufficient independent claims in the post-conviction motion.   Thus, motion counsel was not ineffective for failing to include such claims in the amended post-conviction motion.   Doc. No. 9, pp. 9-10 n. 4.